THE STATE OF OHIO, APPELLEE, *v.* LAVANDERA, APPELLANT.

84

(No. 50313—Decided
October 14, 1986.)

*Michael E. Murman,* city prosecutor, for appellee.

*Kent R. Minshall, Jr.,* and *Jose M. Gonzalez,* for appellant.

HOFSTETTER, J. Salvador Lavandera appeals from his conviction in the Lakewood Municipal Court for theft in violation of R.C. 2913.02. The judgment of the trial court is reversed.

On February 8, 1985, appellant pulled his car up to an unmarked island of gasoline pumps at Detroit-Lakewood Automotive, a Sunoco gasoline station. Lavandera had pumped 9.7 gallons of economy unleaded gasoline into his gas tank when he noticed that the price was $13.48. Appellant stopped pumping gasoline and protested to the station attendant that this was not the advertised self-service price. The attendant informed appellant that he was at a full-service pump. After a lengthy discussion with the station's acting manager in which he was informed that he must pay $13.48, Lavandera paid $10, an amount he felt was the true value of the gasoline. When he tried to leave the premises, appellant was arrested by a Lakewood police detective who was at the station to have his car serviced.

Appellant was originally charged with petty theft, a violation of Lakewood Ordinance 545.05. On March 15, 1985, the charge was amended to petty theft under R.C. 2913.02. Appellant's motion to dismiss was overruled and the case proceeded to trial on March 20, 1985. The jury returned a verdict of guilty on March 21, 1985 and appellant was fined $100 plus costs on March 26, 1985. A timely notice of appeal was filed on April 19, 1985. Appellant raises two assignments of error which will be discussed together.

"I.  The evidence was insufficient to prove the requisite criminal intent to commit theft beyond a reasonable doubt.

"II.  The trial court erred in overruling the motions for acquittal made by the defendant-appellant at the close of the prosecution's evidence and after the jury issued their verdict."

Both assignments of error question the sufficiency of the evidence to sustain appellant's conviction. Appellant made a Crim. R. 29 motion for acquittal at the close of the state's case, and renewed the motion after the jury returned its verdict.

Crim. R. 29(A) states:

"Motion for Judgment of Acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

It is fundamental that a defendant need only defend himself for the crime alleged in the complaint.

R.C. 2913.02, in pertinent part, states:

"(A)  No person, with purpose to deprive the owner of property or ser-

vices, shall knowingly obtain or exert control over either the property or services in any of the following ways:

"* * *

"(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent[.]"

R.C. 2913.01(C) defines the term "deprive":

"(C) 'Deprive' means to:

"(1) Withhold property of another permanently, or for such period as to appropriate a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration;

"(2) Dispose of property so as to make it unlikely that the owner will recover it;

"(3) Accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return therefor, and without reasonable justification or excuse for not giving proper consideration."

R.C. 2913.01(E) defines "services":

"(E) 'Services' include labor, personal services, professional services, public utility services, common carrier services, food, drink, transportation, entertainment, cable television service, and computer services."

The amended complaint, however, limited the scope of the crime by stating the defendant "did with purpose to deprive the owner, to wit, Ralph Miller, of property of a value, said value being $3.48, knowingly obtain or exert control over said property beyond the scope of the express or implied consent of the owner or person authorized to give consent."

The evidence in the case reveals the sale value of gasoline alone under self-service is approximately ninety-five cents per gallon. There was no evidence that the full-service price of $1.38 per gallon was predicated on a higher quality or grade of gasoline. To the contrary, the full-service price was for the same gasoline plus the cost of full service to the customer. There was absolutely no testimony by the state from which it could be concluded that the value of the property (gasoline) itself, per gallon, was greater than the value of self-service gasoline. The difference in price was for the additional service normally rendered but which was not provided here. See the definition of services cited earlier under R.C. 2913.01(E).

We do not condone a policy of self-service of gasoline at a full-service pump on the premise that one is entitled to the self-service price if one performs one's own service. The fact remains, however, that where no testimony in the record supports a statement that the value of the gasoline *alone* is greater at a full-service pump, it must be assumed that the difference in cost has to do with the additional services rendered in the delivery of the product.

As was noted earlier, the defendant was charged only with depriving the owner of "property," and not "property or services" or "services" alone, as provided for in the statute.

It is clear the appellant paid for the value of the gasoline at the self-service rate. It follows, then, that the selling price for self-service gasoline (the property) was paid; hence, the owner was not deprived of his property without payment therefor. Accordingly, that element of the crime "with purpose to deprive the owner of property" was not proven.

Under the definitions of the term "deprive" as noted earlier, items (C)(1) and (2) refer only to property. Item (C)(3), on the other hand, is the only

definitional section appropriate to the instant fact situation when it says "(3) [a]ccept, use, or appropriate money, property, or *services,* with purpose not to give proper consideration in return therefor, and without reasonable justification or excuse for not giving proper consideration." (Emphasis added.)

Based on the above; and as to Assignment of Error No. I, it is clear the evidence was insufficient to prove the requisite criminal intent to commit theft of the property alone as charged in the amended complaint. As the issue of nonpayment for services normally rendered and contemplated in the purchase of gasoline at full-service pumps is not before us, according to the amended complaint, we hold this assignment of error is well-taken.

Again, for the reasoning explained earlier, and with regard to Assignment of Error No. II, the trial court erred in overruling the motions for acquittal made by the appellant. The property itself having been fully paid for, there was *no* evidence to establish the theft of the gasoline. This assignment also is well-taken.

The judgment of conviction and sentence of the trial court is reversed. The amended complaint against the defendant-appellant is hereby dismissed.

This cause is reversed and remanded to the Lakewood Municipal Court for further proceedings consistent with this opinion.

*Judgment reversed.*

ANN McMANAMON, P.J., and CORRIGAN, J., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.